ORIGINAL

# In the United States Court of Federal Claims

No. 15-1556C
(Filed May 5, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
BEATRICE ROBINSON,                             *
                                               *
                                               *
                    Plaintiff,                 *
                                               *
         v.                                    *
                                               *
THE UNITED STATES,                             *
                                               *
                    Defendant.                 *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
MAY - 5 2017
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

    Plaintiff, Beatrice Robinson, filed a complaint in our court contending that the Department of Education (Department) was improperly garnishing her social security disability benefits to satisfy a student loan which had been discharged due to disability. Compl. ¶ 2. In response to the complaint, and after some forms were received and processed, the Department refunded to Ms. Robinson the money it had offset from her benefits and ceased the garnishment. Def.'s Mot. to Dismiss (Def.'s Mot.) Exs. A–B. As this remedial action mooted plaintiff's claim, defendant moved for the dismissal of the complaint. Def.'s Mot. at 1.

    Plaintiff acknowledges that she has received the relief she sought, but opposes the government's motion to dismiss because she claims she is a "prevailing party" entitled to the reimbursement of her $400 filing fee. Pl.'s Resp. to Def.'s Mot. at 1. Unfortunately for plaintiff, as both the Federal Circuit and the Supreme Court have made clear, a party who obtains all the relief it seeks because the government voluntarily agrees to provide the relief requested, without the involvement of the court, is not a prevailing party within the meaning of the Equal Access to Justice Act, 28 U.S.C. § 2412. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 610 (2001); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1380 (Fed. Cir. 2002); *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1027 (Fed. Cir. 2005); *Dellew Corp. v. United States*, No. 2016-2304, 2017 WL 1541520, at *3 (Fed. Cir. May 1, 2017). As this

Court may only tax costs when a plaintiff is a prevailing party, *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 129 (5th Cir. 2015); *see also* 28 U.S.C. § 2412(a)(1) & 28 U.S.C. § 1920(1), plaintiff cannot be awarded the fee she seeks.† As plaintiff has obtained all other relief she sought, her complaint is moot. *See Technical Innovation, Inc. v. United States*, 93 Fed. Cl. 276 (2010). Accordingly, the defendant's motion to dismiss the case is **GRANTED**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

† As plaintiff cannot be awarded the only relief she seeks, there is no reason to stay this case while she seeks an attorney. Accordingly, her motion for a continuance is **DENIED**.